# ROY LOVINS v. STATE.

No. A-8279.   April 9, 1932.
(10 Pac. [2d] 289.)

Darnell & LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, Roy Lovins, hereinafter referred to as the defendant, was jointly informed against with Jerry Sharum and Bert Onley, charged with the crime of burglary; was tried separately, convicted of burglary in the second degree, and sentenced to serve a term of two years in the penitentiary.

The testimony on behalf of the state is, in substance, as follows:   Bert Onley, one of the defendants charged in the information, testified that on the 24th day of February, 1929, he, in company with Roy Lovins, Vernie Sharum, and Jerry Sharum, broke into the F & M Milling Company, of Clinton, Custer county, Okla., in the nighttime and took therefrom a quantity of flour and other products belonging to the milling company.

The state further shows by Mrs. Emily Grant, who was at the time of the burglary the wife of Bert Onley, that the boys were at her home, and she stood at a window and watched them go to the mill, and that later some

of the flour was brought to her home by the different parties.

The defendant offered testimony tending to show that at the time of the burglary he was at home suffering from a broken jaw, and was not at the Onley home and did not take any part in the burglary, and offered testimony tending to establish an alibi.

The conflict in the testimony, under proper instructions of the court, was submitted to the jury, and the jury found the defendant guilty and assessed his punishment at imprisonment in the penitentiary for two years.

The only question argued by the defendant in his brief is the question that the testimony of Bert Onley, who was an admitted accomplice, is not sufficiently corroborated. The defendant insists that Emily Grant, who was Emily Onley at the time of the trial, was an accomplice, and therefore her testimony could not corroborate the testimony of Bert Onley. With this contention we cannot agree.

The testimony of Mrs. Grant shows she was the wife of Bert Onley at the time of the burglary; that, during the day prior to the night the burglary was committed, the defendant and others were back and forth to her home; there is no testimony showing Mrs. Grant encouraged, aided, or abetted the defendant and others in committing the burglary. Her testimony shows she stood in her home and watched the defendant and others go to the mill; that later some flour taken from the mill was brought to her home. The fact that Mrs. Grant knew the burglary was being committed, stood and watched the parties go to the mill, and said nothing about it at the time, is not sufficient to make her an accomplice.

The testimony in this case is sufficient to sustain the judgment. There are no errors in the record sufficient to warrant a reversal.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.